**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| NELSON IRIZARRY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:24-CV-160-RWS |
| TEXAS A&M UNIVERSITY TEXARKANA, | § § § | |
| Defendant. | § § § | |

## <u>ORDER</u>

Before the Court is Defendant Texas A&M University Texarkana's ("TAMUT") Motion to Dismiss for Failure to State a Claim. Docket No. 22. This motion is fully briefed. Docket Nos. 22, 25, 26. The Court heard argument on the motion on July 30, 2025. Docket No. 29. For the reasons set forth below, the motion (Docket No. 22) is **GRANTED**.

## BACKGROUND

On January 17, 2023, Plaintiff filed his first charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Docket No. 22-1 at 1. The charge only addressed allegations of national origin and age discrimination related to a job opening for which Plaintiff claimed he was not considered. *Id.* The events discussed in the charge occurred between August and November 2022. *Id.* Plaintiff acknowledges he received a right-to-sue letter on January 27, 2023 but did not sue within 90 days. Docket No. 25 at 1–2; *see* Docket No. 22-2.

On October 7, 2024, Plaintiff filed a second EEOC charge. Docket No. 22-3 at 4. The charge included additional claims and substantially more facts than the first.[1] *See id.* at 1–2. Plaintiff alleged discrimination based on race, color, religion, retaliation, disability, and veteran status. *Id.* at 1. Plaintiff received a second right-to-sue letter on October 15, 2024 and filed this lawsuit on November 13, 2024. Docket No. 22-4 at 1.

Plaintiff's March 17, 2025 First Amended Complaint (Docket No. 9) only concerns a subset of the claims he presented to the EEOC. According to Plaintiff, he has pleaded three adverse employment actions: "(1) Plaintiff's salary reduction, (2) Plaintiff's exclusion from the faculty search committee, and (3) Plaintiff not being hired for [a] tenure track position in the new engineering program he created at TAMUT." Docket No. 25 at 6. Plaintiff further alleges that Defendant retaliated against him for his "internal complaints, and for his prior complaint to the EEOC, regarding discrimination by [Defendant's] administrators against him." Docket No. 9 at ¶ 4.9.

## LEGAL STANDARD

### I. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint where a plaintiff fails "to state a claim upon which relief may be granted." Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." For motions to dismiss under Rule 12(b)(6), a court must assume that all well-pleaded facts are true and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any

---

[1] Plaintiff claimed in his Response that "[t]he allegations listed in each charge are the same." Docket No. 25 at 1. However, at the hearing on the Motion, Plaintiff and Defendant agreed that the charges differ substantially.

documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

The Court must then decide whether those facts state a claim that is plausible on its face. *Bowlby*, 681 F.3d at 219. A complaint need not contain detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that they are plausibly entitled to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 673 (quoting *Twombly*, 550 U.S. at 556).

## II.    Disparate Treatment under Title VII

Title VII of the Civil Rights Act of 1964, in relevant part, prohibits an "employer" from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . race" and retaliating "against any of [the employer's] employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter . . . ." 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a).

To establish a *prima facie* case of racial discrimination in employment, an employee must demonstrate that the employee (1) is a member of a protected class, (2) was qualified for the position at issue, (3)  was the subject of an adverse employment action, and (4) was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *See  Lee v. Kan. City S. Ry. Co*, 574 F.3d 253, 259 (5th Cir. 2009).

To establish a prima facie case for retaliation, an employee must show "(1) that [he] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 655 (5th Cir. 2004).

### III. Exhaustion under Title VII

"Title VII requires that parties exhaust administrative remedies before instituting suit in federal court." *Nat'l Ass'n of Gov't Emps v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 711 (5th Cir. 1994) (citing 42 U.S.C. § 2000e-5(f)(1)). "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). When "the person aggrieved has initially instituted proceedings with a State or local agency," a charge is timely if filed "within three hundred days after the alleged unlawful employment practice occurred" 42 U.S.C. § 2000e-5(e)(1). After receiving a right-to-sue letter, the aggrieved person may bring a civil action against the respondent named in the charge within "ninety days after" receipt of the letter. *Id.* § 2000e-5(f)(1).

Because of the exhaustion requirement, "an employee may not base a Title VII claim on an action that was not previously asserted in a formal charge of discrimination to the EEOC, or that could not reasonably be expected to grow out of the charge of discrimination." *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012) (internal quotations and cite omitted). "In other words, the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation [that] can reasonably be expected to grow out of the charge of discrimination." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970).

**ANALYSIS**

Plaintiff alleges two alternative theories of liability under Title VII: discrimination and retaliation. At the hearing, he clarified that he is not suing for events that occurred in 2022 or 2023, which he detailed in his first EEOC charge, but rather for the "retaliatory and discriminatory treatment of 2024." Docket No. 9 at 5. For the reasons below, Plaintiff fails to state a claim under either theory.

## I.    Plaintiff fails to state a claim for discrimination under Title VII

Plaintiff alleges three adverse employment actions: "(1) Plaintiff's salary reduction, (2) Plaintiff's exclusion from the faculty search committee, and (3) Plaintiff not being hired for the tenure track position in the new engineering program he created at TAMUT." Docket No. 25 at 6. However, Plaintiff has failed to state a claim upon which relief can be granted.

### A.    Salary Reduction

Plaintiff asserts that he suffered an adverse employment action when Defendant administratively reduced his salary beginning in September 2024. Docket No. 9 at ¶ 3.35. While Plaintiff need not prove a *prima facie* case at this juncture, he must at least plead each of the elements of his claim. Suffering an adverse employment action is just one of the elements. Plaintiff fails to allege that he was qualified to remain in his tenure-track position or identify a similarly situated employee outside his protected class whom Defendant treated more favorably.

First, Plaintiff fails to allege he was qualified to remain a tenure-track employee. In fact, Plaintiff acknowledges that he never even applied for tenure. *See* Docket No. 9 at ¶ 3.27 ("Provost Arnold presented Plaintiff a declaration that he did not meet the requirements to move forward on the tenure-track because he did not submit his portfolio. The deadline for submission was never clear to Plaintiff."); Docket No. 25 at 7 (acknowledging the "missed deadline to submit a tenure

dossier"). Plaintiff explains that the deadline to submit a tenure portfolio—a requirement to remain on the tenure track—was "never clear" to him. Docket No. 9 at ¶ 3.27. Despite alleging that Defendant used his failure to abide by the deadline, as well as the other stated reasons for the Defendant's employment actions, as a "pretext[]," no such claim appears in his Amended Complaint. Docket No. 25 at 7.

Second, Plaintiff fails to identify a single similarly situated employee outside of his protected class whom Defendant treated more favorably. Plaintiff alleges he is a member of the following protected classes: Puerto Rican, Catholic, and Hispanic. Docket No. 25 at 8. He has not, however, identified an employee outside these protected classes whom Defendant allowed to remain a tenure-track professor despite failing to apply for the position. He also does not allege Defendant backfilled the position with someone outside his protected classes. His only mention of another employee is "TAMUT's new Civil Engineering faculty hire," who Plaintiff claims is Egyptian. Docket No. 9 at ¶ 3.39. This is not enough to plead a claim for relief under Title VII. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 471 (5th Cir. 2016) (affirming dismissal because plaintiff pled "no facts that suggest the applicant hired by the [u]niversity was less qualified than [plaintiff] or was similarly situated.").

Because Plaintiff fails to allege that he was qualified to remain in his tenure-track position and he does not identify a similarly situated employee outside his protected class whom Defendant treated more favorably, he fails to state claim for relief.

### B.      Faculty Search Committee

Plaintiff next complains that Defendant discriminated against him by excluding him from "a search committee for a new Civil Engineering faculty member." Docket No. 9 at ¶ 3.37. Plaintiff acknowledges, however, that the meeting to establish a search committee did not occur until

November 4, 2024, almost a month after Plaintiff filed his second EEOC charge. Plaintiff concedes that the facts alleged in ¶¶ 3.37–3.43 of his Amended Complaint—including his exclusion from the search committee—are unexhausted. Docket No. 25 at 2 n.1. Thus, even if Plaintiff's alleged exclusion from the search committee is an adverse employment action, Plaintiff admittedly failed to exhaust the claim with the EEOC.

### C. Hiring for the New Engineering Program

Plaintiff's final claim, that Defendant discriminated against him by failing to hire him for a tenured position in the "new engineering program he created at TAMUT," is similarly unexhausted. Docket No. 25 at 6. All events in Plaintiff's Amended Complaint related to hiring for the new position occurred on or after November 4, 2024. Docket No. 9 at ¶¶ 3.37–3.43. Further, Plaintiff pleads contradictory facts about his level of involvement in the hiring process. While he complains he was "not being included on the search committee," he explained that "[t]he extent of Plaintiff's input on the search committee was a ten-minute discussion with two finalists for the position, with Chair Morsy present." Docket No. 9 at ¶ 3.38. Plaintiff does not allege that he applied, or even attempted to apply, for the civil engineering tenure-track position. Thus, not only has Plaintiff failed to exhaust this claim with the EEOC, but he fails to plead adverse employment action with respect to the tenured position in the new engineering program.

\*     \*     \*

Based on the foregoing, Plaintiff's claims for discrimination are **DISMISSED WITHOUT PREJUDICE**.

## II. Plaintiff fails to state a claim for retaliation under Title VII

Plaintiff also asserts a claim for retaliation. Docket No. 9 at ¶ 4.8–4.9. He generally alleges that Defendant retaliated against him for his "internal complaints, and for his prior complaint to

the EEOC, regarding discrimination by [Defendant's] administrators against him." *Id.* at ¶ 4.9. The internal complaints and first EEOC charge, events for which Plaintiff does not sue, occurred prior to 2024. *Id.* at ¶ 3.10–3.29. Plaintiff clarifies in his Response that Defendant retaliated against him after he "engaged in protected activity by filing an EEOC charge," citing his second charge on October 7, 2024. Docket No. 25 at 9. However, Plaintiff acknowledges that this claim is unexhausted and notes that he "intends to file a new EEOC charge and seek leave to amend this pleading once his administrative remedies are exhausted." *Id.* Because Plaintiff has failed to exhaust his retaliation claim with the EEOC, the claim is **DISMISSED WITHOUT PREJUDICE**.

**CONCLUSION**

For the reasons set forth above, the motion (Docket No. 22) is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**So ORDERED and SIGNED this 22nd day of September, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE