**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| NELSON IRIZARRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:24-CV-160-RWS |
| | § | |
| TEXAS A&M UNIVERSITY | § | |
| TEXARKANA, | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

Before the Court is Defendant Texas A&M University Texarkana's ("TAMUT") Motion to Dismiss for Failure to State a Claim and Brief in Support. Docket No. 38. This motion is fully briefed. Docket Nos. 38, 39, 40. The Court heard argument on the motion on March 5, 2026. Docket No. 45. For the reasons set forth below, the motion (Docket No. 38) is **DENIED**.

## BACKGROUND

On January 17, 2023, Plaintiff filed his first charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Docket No. 33 at ¶ 3.5. The charge only addressed allegations of national origin and age discrimination related to a job opening for which Plaintiff claimed he was not considered. Docket No. 22-1 at 1. Plaintiff explains that the present lawsuit is not based on the facts alleged in his first EEOC charge but that he has included them "to show the discriminatory climate in his department[.]" Docket No. 33 at ¶ 3.5; *see also id.* at ¶ 4.5 ("Plaintiff does not sue for discrimination based on these disadvantageous class assignments, but merely asserts them as further factual basis for his allegations of disparate treatment as a non-Muslim.").

On or around October 9, 2024, Plaintiff filed a second EEOC charge. *Id.* at ¶ 4.3. The charge asserted claims "against Defendant for (1) discrimination under Title VII on the bases of religion, race, color, ethnicity, and national origin, and for (2) retaliation." *Id.* In the charge, Plaintiff alleged that Defendant's "abrupt reduction in [his] contracted annual salary by $25,000, without due process[] [was] [] based on [his] ethnicity, race, color, national origin, religion, disability, and Veteran's status[.]" Docket No. 38-1 at 2. Defendant maintains that Plaintiff filed this same charge twice and thus the EEOC created two charge numbers for the same grievance. Docket No. 22 at 1 n.1. As a result, Plaintiff received a second right-to-sue letter on October 15, 2024 and a third right-to-sue letter on October 28, 2024. Docket No. 22-4 at 1, 6. Plaintiff filed this lawsuit on November 13, 2024. Docket No. 1.

Plaintiff filed his First Amended Complaint on March 17, 2025. Docket No. 9. The Court dismissed the First Amended Complaint without prejudice on September 22, 2025. Docket No. 31. On October 21, 2025, Plaintiff requested leave to file a Second Amended Complaint (Docket No. 32), which the Court granted (Docket No. 36). Defendant filed the instant motion to dismiss the Second Amended Complaint on December 12, 2025. Docket No. 38.

## LEGAL STANDARD

### I.  Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint where a plaintiff fails "to state a claim upon which relief may be granted." Federal Rule of Civil Procedure 8(a) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." For motions to dismiss under Rule 12(b)(6), a court must assume that all well-pleaded facts are true and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). In deciding such motions, the Court

may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

The Court must then decide whether those facts "state a claim that is plausible on its face." *Bowlby*, 681 F.3d at 219 (quoting *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011)). A complaint need not contain detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he or she is plausibly entitled to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## II.     Disparate Treatment under Title VII

Title VII of the Civil Rights Act of 1964, in relevant part, prohibits an "employer" from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

To establish a *prima facie* case of racial discrimination in employment, an employee must demonstrate that the employee (1) is a member of a protected class, (2) was qualified for the position at issue, (3) was the subject of an adverse employment action, and (4) was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *See Lee v. Kan. City S. Ry. Co*, 574 F.3d 253, 259 (5th Cir. 2009).

**III.	Exhaustion under Title VII**

"Title VII requires that parties exhaust administrative remedies before instituting suit in federal court." *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 711 (5th Cir. 1994) (citing 42 U.S.C. § 2000e-5(f)(1)). "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). After receiving a right-to-sue letter, the aggrieved person may bring a civil action against the respondent named in the charge within "ninety days after" receipt of the letter. *Id.* § 2000e-5(f)(1).

Because of the exhaustion requirement, "an employee may not base a Title VII claim on an action that was not previously asserted in a formal charge of discrimination to the EEOC, or that could not 'reasonably be expected to grow out of the charge of discrimination.' " *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006)). "In other words, the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation [that] can reasonably be expected to grow out of the charge of discrimination." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970).

**ANALYSIS**

Plaintiff alleges only one cause of action in his Second Amended Complaint: Discrimination under Title VII. Docket No. 33 at ¶ 4.1–4.6.[1] Plaintiff predicates his claim on the

---

[1] While the parties discuss a "disparate pay claim" in their briefing, *see, e.g.*, Docket No. 38 at 4; Docket No. 39 at 7, Plaintiff did not assert such a claim in his Second Amended Complaint. Because no disparate pay claim has been asserted, there is no disparate pay claim subject to Defendant's motion to dismiss. *See Robinson v. Hunt Cnty.*, 921 F.3d 440, 446 (5th Cir. 2019) ("A district court considering a motion to dismiss is not obligated to imagine potential claims that a plaintiff has not raised."). Plaintiff appears to agree in his response, stating that his Second Amended Complaint contains "no new theory" and that he "sues only for" Defendant's alleged $25,000 reduction in his salary. Docket No. 39 at 8; *see also* Docket No. 46 at 18:25–19:5 ("The

alleged reduction in his salary by $25,000 and on the Defendant's taking back of income it had already paid Plaintiff. *Id.* at ¶ 4.6. Plaintiff alleges Defendant based the reduction on his national origin, ethnicity, race, and religion. *Id.* at ¶ 4.5.

Title VII cases are not subject to a heightened pleading standard. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512–13 (2002). The Supreme Court has made it clear that a plaintiff in an employment discrimination case need not plead a *prima facie* case in his or her complaint. *Id.* at 508. "Rather, a plaintiff need only follow Rule 8's command that a complaint contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' " *Kelos v. Paulson*, No. 3:08-CV-0961-B, 2009 WL 972997, at *6 (N.D. Tex. Apr. 9, 2009) (quoting FED. R. CIV. P. 8(a)(2)). Plaintiff's allegations just barely cross this threshold.

First, Plaintiff alleges that he is a member of the following protected classes: Puerto Rican, Hispanic, and Catholic. Docket No. 33 at ¶ 3.19. Second, Plaintiff alleges that he suffered an adverse employment action when his salary was administratively reduced by $25,000 and when Defendant clawed back salary Plaintiff had already been paid. *Id.* at ¶ 4.6. Third, Plaintiff alleges that he was "uniquely qualified in his position," *id.* at ¶ 3.16, and had been promised—both verbally and through a written contract—that his salary would remain at $95,000 for the 2024–25 academic year, *id.* at ¶¶ 3.10–3.11. Fourth, Plaintiff alleges that he was, and remains, treated less favorably than similarly situated colleagues because his "lowered salary is significantly less than that of his colleagues, none of whom are native U.S. citizens." *Id.* at ¶ 3.17–3.18.

Defendant claims that the Court "already held [that] . . . [Plaintiff] must identify an employee outside each of his protected classes who kept the same salary after failing to apply for

---

Court: . . . [A]re you saying that the present claim relates to the $25,000 salary reduction and the fact that [Defendant] clawed it back? Ms. Klein: Yes.").

tenure." Docket No. 38 at 3 (citing Docket No. 31 at 6). But this was not the Court's conclusion. The Court noted that Plaintiff had completely failed to identify "a single similarly situated employee outside of his protected class whom Defendant treated more favorably." Docket No. 31 at 6. Thus, there was no circumstantial evidence in the complaint from which to infer discriminatory intent. Here, Plaintiff has identified Professor Ren as an allegedly similarly situated employee, and he claims that his "colleagues, department chair, and dean are all practicing Muslims from countries in the Middle East." Docket No. 33 at ¶ 3.17. Despite Defendant's arguments about the sufficiency of Plaintiff's comparator, that issue is not before the Court at the motion to dismiss stage. *See Alusi v. City of Frisco*, No. 4:22-CV-397-SDJ, 2023 WL 5509307, at *6 (E.D. Tex. Aug. 24, 2023) ("[T]he existence of *valid* comparators is a determination that is fact-dependent and therefore is not appropriate for resolution at the motion to dismiss stage on the facts of this case." (emphasis added)).

Defendant contends that Plaintiff cannot credibly argue that instructors are entitled to the same pay as tenure-track professors. Docket No. 38 at 3. It claims that "[t]he only relevant question is whether [Plaintiff] has plausibly alleged 'he is being disproportionately paid' for discriminatory reasons now that he is an Instructor." *Id.* The Court disagrees. Plaintiff's claim is predicated on the fact that Defendant allegedly reduced his salary after promising to keep it at $95,000, and that the "change in [his] status from a tenure-track assistant professor to a lecturer or instructor does not require a pay cut, and certainly not one as drastic as Plaintiff received." Docket No. 33 at ¶¶ 3.10–3.11, 3.17. While Defendant may well argue at a later stage of these proceedings that the non-discriminatory justification for Plaintiff's salary reduction was that he was removed from a tenure-track position, such an argument does not bear on whether Plaintiff has sufficiently pled his discrimination claim under Title VII to survive a motion to dismiss. *See Jenkins v. City of Dallas*,

717 F. Supp. 3d 528, 538 (N.D. Tex. Feb. 13, 2024) ("[W]hether the City had a legitimate, nondiscriminatory reason for refusing to promote Jenkins is not pertinent until the summary judgment stage, and even then, only *after* a plaintiff establishes his prima facie case." (emphasis in original) (citing *McMullin v. Miss. Dep't of Pub. Safety*, 782 F.3d 251, 258–60 (5th Cir. 2015))).

Defendant argued at the hearing that Plaintiff failed to exhaust his claim with the EEOC. However, in Plaintiff's October 2024 charge, he explicitly alleged that Defendant's "abrupt reduction in [his] contracted annual salary by $25,000, without due process[] [was] [] based on [his] ethnicity, race, color, national origin, religion, disability, and Veteran's status[.]" Docket No. 38-1 at 2. Thus, the Court concludes that his Title VII discrimination claim is within the scope of his EEOC charge.

**CONCLUSION**

For the reasons set forth above, the motion (Docket No. 38) is **DENIED**. It is further

**ORDERED** that the parties shall meet and confer within **seven (7) days** of this Order and submit a revised joint docket control order and discovery order to the Court. It is further

**ORDERED** that the following schedule of deadlines shall be incorporated into the proposed docket control order:

| Jury Trial | *September 28, 2026 immediately following jury selection in Texarkana, Texas |
|---|---|
| Jury Selection | *September 28, 2026 at 9:00 a.m. in Texarkana, Texas |
| Pre-trial Conference | *September 8, 2026 at 10:00 a.m. in Texarkana, Texas |
| Dispositive Motion Deadline | *July 14, 2025 |

**So ORDERED and SIGNED this 18th day of March, 2026.**


ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE